# EXHIBIT A



Your Missouri Courts

Case.net

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print GrantedPublicAccess Logoff PKENNY_ARMSTRONGTEAS

## 20SL-CC03109 - HAIS HAIS AND GOLDBERGER V SENTINEL INSURANCE CO (E-CASE)

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case
Click here to Respond to Selected Documents

Sort Date Entries: ◉ Descending ○ Ascending

Display Options: All Entries

**06/22/2020** ☐ **Certificate of Service**
Return of Service.
**Filed By:** ALAN SCOTT MANDEL
**On Behalf Of:** HAIS HAIS AND GOLDBERGER PC

**06/08/2020** ☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 20-SMOS-494, for SENTINEL INSURANCE CO LTD. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Filing Info Sheet eFiling**
**Filed By:** ALAN SCOTT MANDEL

☐ **Pet Filed in Circuit Ct**
Complaint.
**On Behalf Of:** HAIS HAIS AND GOLDBERGER PC

☐ **Judge Assigned**
DIV 1

Case.net Version 5.14.0.17 Return to Top of Page Released 11/25/2019

**20SL-CC03109**

Electronically Filed - St Louis County - June 08, 2020 - 12:39 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## <u>STATE OF MISSOURI</u>

HAIS, HAIS, AND GOLBERGER, P.C.

Plaintiff,

v.                                                Cause No. _____

SENTINEL INSURANCE CO., LTD.                      Division No. _____

Serve:
One Hartford Plaza,
Hartford, CT 06165                                In Excess of $25,000.00

                                                  PLAINTIFF DEMANDS TRIAL BY JURY

Defendant.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, Hais, Hais, and Goldberger, P.C. (Plaintiff), for its Complaint

against Defendant, Sentinel Insurance Company, Ltd. (Defendant), states and alleges as

follows:

## <u>NATURE OF ACTION</u>

1. Plaintiff owns and operates Hais, Hais, and Goldberger, P.C., a law firm dedicated

   exclusively to the practice of family law in the Greater St. Louis Metropolitan Area. For over

   thirty years, Plaintiff has represented clients in dissolution of marriage proceedings, legal

   separations, paternity cases, motions to modify child custody, and child relocation cases.

   Plaintiff operates its law offices at 222 S. Central Ave, Suite 600, Clayton, MO, 63105.

2. Plaintiff purchased a commercial property insurance policy from Defendant to protect in the

   event of property loss and business interruption. COVID-19, its effects, and the response by

Electronically Filed - St. Louis County - June 08, 2020 - 12:39 PM

state and local government has caused physical damage and loss to Plaintiff's property and has caused an interruption in Plaintiff's business.

3.  Defendant has refused to honor its promise to provide the protection that Plaintiff purchased, despite the fact that the policy does not exclude pandemic-related losses.

4.  Plaintiff estimates that its revenues are down at least 41% because of COVID-19 and the ensuing stay-at-home orders.

5.  Over 103,000 Americans have died of COVID-19 as of the date of this filing, with over 1.7 million confirmed cases, according to the Centers for Disease Control and Prevention (CDC). St. Louis County has reported over 4,800 cases, with 441 deaths, according to the Missouri Department of Health.

6.  A State of Emergency was declared in St. Louis County, where Plaintiff's business is located, on March 13, 2020. St. Louis County issued a Stay at Home Order effective March 21, 2020. The Stay at Home Order restricts residents to "essential" activities, such as grocery shopping or doctor visits.

7.  The Stay at Home Order and the effects of COVID-19 have had a large impact on Plaintiff's law office and business. Plaintiff was unable to meet with clients, take depositions, or interview prospective clients during this time. Prospective and current clients have been unable to visit Plaintiff's office for fear of contracting the virus. Plaintiff is restricted as to the amount of people it is allowed to have in its offices at one time.

8.  Plaintiff has suffered direct physical loss and physical damage to its property. It is likely that clients, employees, and/or other visitors to Plaintiff's insured property for at least one month were infected with the coronavirus and therefore caused physical loss and damage to the property.

Electronically Filed - St Louis County - June 08, 2020 - 12:39 PM

9. Plaintiff prepared for events such as the outbreak of COVID-19 by purchasing property insurance from Defendant, that included pandemic coverage. A true and accurate copy of the Policy is attached hereto as Exhibit A.

10. The Policy provides coverage for "direct physical loss of or physical damage to Covered Property at the premises described in the Declarations (also called "scheduled premises" in this policy) caused by or resulting from a Covered Cause of Loss." Exhibit A at 1.

11. The Policy also provides coverage to Plaintiff for the following:

   a. Loss of Business Income sustained due to the necessary suspension of "operations" during the "period of restoration." *Id*. at 10.

   b. Expenses incurred to avoid or minimize the suspension of business and to continue "operations", at replacement premises or at temporary locations, including relocation expenses. *Id*.

   c. The actual loss of Business Income sustained when access to the "scheduled premises" is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of the "scheduled premises". *Id*. at 11.

   d. All amounts due from customers that it is unable to collect, interest charges on any loan required to offset amounts it is unable to collect pending Defendant's payment of these amounts; and other reasonable expenses that it incurs to reestablish its records of accounts receivable. *Id*. at 13.

12. On or about April 14, 2020, in response to Plaintiff's notice of claim, Defendant denied coverage and refused to cover Plaintiff's losses as a result of the COVID-19 pandemic.

13. Defendant has caused material harm to Plaintiff by refusing coverage under the Policy.

Electronically Filed - St Louis County - June 08, 2020 - 12:39 PM

14. Plaintiff seeks to recover compensatory damage for breach of contract.

## PARTIES

15. Plaintiff is a Missouri corporation, with its principal place of business in Clayton, Missouri. Its premises, and the covered property, are located at 222 S. Central Ave., Suite 600, Clayton, Missouri, 63105.

16. Defendant Sentinel Insurance Company, Ltd. is a Connecticut corporation with its principal place of business located at One Hartford Plaza, Hartford, Connecticut, 06155. Defendant is a The Hartford company.

## JURISDICTION AND VENUE

17. Venue is proper in this Court under R.S. Mo 508.010.4 in that the acts complained of occurred in St. Louis County, Missouri.

18. Specific personal jurisdiction is proper in this Court as the cause of action from which this complaint arises occurred in Saint Louis County in the State of Missouri.

## FACTUAL BACKGROUND

19. COVID-19 and the ensuing Stay at Home Orders forced Plaintiff to suspend most of its operations. Its facility is located in Clayton, Missouri, which is part of St. Louis County. According to the Centers for Disease Control and Prevention, there have been 4,834 confirmed cases of COVID-19 and 441 deaths as a result of COVID-19 in St. Louis County as of the date of this filing.

20. On March 21, 2020, St. Louis County issued a Stay at Home Order, preventing citizens from leaving their homes to do anything other than "essential activities." On April 3, 2020, the

Electronically Filed - St Louis County - June 08, 2020 - 12:39 PM

State of Missouri similarly issued a Stay at Home Order. On April 16, 2020, the State of Missouri extended its Stay at Home Order through May 3, 2020.

21. As of April 17, 2020, 42 states, including Washington D.C. and Puerto Rico, issued Stay at Home Orders in order to mitigate and slow the spread of COVID-19.

22. According to the Centers for Disease Control and Prevention, COVID-19 spreads when an infected person coughs, sneezes, or talks, and transmits the virus to others around them.[1] Studies indicate that those who show no symptoms can still be infected and spread the disease, and the virus can live for hours or days on a surface.[2] Everyone is at risk of getting COVID-19.[3]

23. The Stay at Home Orders were enforced to promote social distancing. Social distancing requires not gathering in groups, avoiding gatherings, and staying at least six feet apart from others. This greatly hinders a law office like Plaintiff's from continuing business as usual.

24. Additionally, some scientific publications have reported finding COVID-19 in the air. The New England Journal of Medicine reported finding that experimentally produced aerosols containing the virus remained infectious in tissue-culture arrays, with only a slight reduction in infectivity during a three-hour period of observations. "Aerosols from infected persons may therefore pose an inhalation threat even at considerable distances and in enclosed spaces. . . ."[4]

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/downloads/2019-ncov-factsheet.pdf
[2] *Id.*
[3] *Id.*
[4] https://www.nejm.org/doi/full/10.1056/NEJMc2009324

Electronically Filed - St Louis County - June 08, 2020 - 12:39 PM

25. Aerosol scientist Lidia Morawska of the Queensland University of Technology in Brisbane, Australia told *Nature* that, "In the minds of scientists working on this, there's absolutely no doubt that the virus spreads in the air. This is a no-brainer."[5]

26. An April 2020 study published in *Emerging Infectious Diseases* found a wide distribution of COVID-19 on surfaces and in the air about thirteen feet from patients in two hospital wards in Wuhan, China, leading the authors to conclude that the virus spreads in aerosols in addition to large respiratory droplets.[6] The investigators found evidence of COVID-19 in swabs of floors, trashcans, computer mice, bed handrails, patients' face masks, health workers' personal protective equipment, and air vents.[7]

27. The authors in the study published in *Emerging Infectious Diseases* also found that the high rate of positivity for floor samples in the hospital strongly suggests that droplets fall to the ground and are then spread via persons' shoes.[8] Every sample tested from the pharmacy floor tested positive for COVID-19 even though no patients were housed there.[9]

28. Another study conducted in Wuhan indicates that staff movement, floor cleaning, and the removal of personal protective equipment could transmit COVID-19 through the re-suspension of virus-contaminated aerosols.[10]

29. The SARS virus that caused an epidemic in 2003 is a coronavirus and is similar to COVID-19. Therefore, the behavior of SARS in 2003 provides evidence about any aerosol risk from COVID-19.

---

[5] https://www.nature.com/articles/d41586-020-00974-w
[6] https://www.cidrap.umn.edu/news-perspective/2020/04/study-finds-evidence-covid-19-air-hospital-surfaces
[7] *Id*.
[8] https://www.cidrap.umn.edu/news-perspective/2020/04/study-finds-evidence-covid-19-air-hospital-surfaces
[9] *Id*.
[10] https://www.biorxiv.org/content/10.1101/2020.03.08.982637v1

Electronically Filed - St Louis County - June 08, 2020 - 12:39 PM

30. A 2014 study published in *Clinical Infectious Diseases* investigated an outbreak that occurred in a Hong Kong apartment complex, where the residents had not been in close contact with each other.[11] The study found that "airborne spread was the most likely explanation, and the SARS coronavirus could have spread over a distance of 200 meters," or about 600 feet.[12]

31. The implication of airborne spread of COVID-19 are extremely serious. The ability of COVID-19 to spread through the air means that the virus can travel long distances from any infected person, whether or not they are symptomatic. It can then infect anyone who unknowingly walks through a pathogenic cloud.

32. State and local governments have determined that without the Stay at Home Orders, COVID-19 could spread widely throughout the community.

33. The Executive Orders in and around Plaintiff's place of business also explicitly acknowledge that COVID-19 causes direct physical damage and loss of property:

   a. Executive Order No. 10 announcing a State of Emergency in St. Louis County due to the outbreak of COVID-19 states that the County is responsible for performing emergency management functions for "the safety of **property**," and that the State of Emergency is issued "in the event of imminent peril to lives and **property**," (emphasis added).[13]

34. In order to protect itself against risks like COVID-19, Plaintiff purchased the Policy from Defendant. The Policy was in effect at the time of the outbreak and remains in effect today. Plaintiff paid all premiums as required by the Policy.

---

[11] https://academic.oup.com/cid/article/58/5/683/365793
[12] *Id.*
[13] https://stlcorona.com/dr-pages-messages/exec-orders/county-executive-order-10-state-of-emergency/

Electronically Filed - St Louis County - June 08, 2020 - 12:39 PM

35. Plaintiff is the named insurer under the Policy, which remains in force.

36. Defendant is the effective and liable insurer of the Policy.

37. Generally, under property insurance policies like those issued by Defendant to Plaintiff and class members, the insuring agreements provide coverage for all risks of physical loss or damage to property, unless specifically excluded.

38. The Policy is an "all-risk" policy. It insures against all risks of physical loss or damage to the property except by the expressly listed exclusions.

39. The Policy does not exclude or limit coverage for losses from COVID-19 or pandemics.

40. The risk of a virus like COVID-19 was foreseeable to, if not foreseen by, insurance companies like Defendant. The Insurance Services Office (ISO), an organization that provides policy writing services to insurers, has recognized for years that a virus can constitute physical damage to property. Specifically, in 2006, it announced the submission of an exclusion of loss due to "disease-causing agents such as viruses and bacteria."

41. In connection with circulating the virus exclusion, it sent the following statement to state insurance regulators:

> Disease-causing agents may render a product impure (change its quality or substance) or enable the spread of the disease by their presence on interior building surfaces or the surfaces of personal property. When disease-causing viral or bacterial contamination occurs, potential claims involve the cost of replacement of property (for example, the milk), cost of decontamination (for example, interior building surfaces), and **business interruption (time element) losses**. Although building and personal property could arguably become contaminated (often temporarily) by such viruses and bacteria, the nature of the property itself would have a bearing on whether there is actual property damage. An allegation of property damage may be a point of disagreement in a particular case.

Electronically Filed - St Louis County - June 08, 2020 - 12:39 PM

42. Despite the availability of a specific exclusion for viruses, Plaintiff's Policy contains no relevant exclusion. Nor does Plaintiff's policy contain an exclusion for "pandemics," "communicable disease," or anything similar.

43. Plaintiff's Policy contains an exclusion for:

> We will not pay for loss or damage caused by or resulting from the discharge, dispersal, seepage, migration, release or escape of "pollutants and contaminants" unless the discharge, dispersal, seepage, migration, release or escape is itself caused by any of the "specified causes of loss." But if physical loss or physical damage by the "specified causes of loss" results, we will pay for the resulting physical loss or physical damage caused by the "specified cause of loss."

44. The virus that causes COVID-19 is not, however, listed in the Federal Water Pollution Control Act, Clean Air Act, Resource Conservation and Recovery Act of 1976, or the Toxic Substances Control Act because COVID-19 did not exist in 1976. Nor has it been designated by the United States Environmental Protection Agency as an irritant or contaminant. Consequently, and without limitation, the above exclusion does not apply.

45. Because damage due to viruses constitute physical damage and loss under the Policy, and/or the Stay at Home Orders have caused Plaintiff to have lost the use of its premises for their intended purpose, Plaintiff's losses are covered under the Policy. Moreover, to mitigate further losses, as required by the Policy, Plaintiff suspended all activity in their law offices when it was announced that COVID-19 posed a risk of causing further physical damage and loss.

46. The Policy provides coverage for several different types of losses arising from COVID-19 that are relevant here through several specific clauses:

   a. Defendant is obligated to pay for actual loss of **"Business Income"** sustained due to direct physical loss or damage. Exhibit A at 10. Such a loss is defined

Electronically Filed - St Louis County - June 08, 2020 - 12:39 PM

as an actual loss. *Id*. Plaintiff has suffered actual loss of business income because it has reduced business operations due to COVID-19.

b.  Defendant also agreed to provide coverage from an interruption to business caused by an order from a **"Civil Authority."** *Id.* at 11. Specifically, Defendant states in the Policy that the insurance extends to apply "to the actual loss of Business Income you sustain when access to your "scheduled premises" is specifically prohibited by order of a civil authority as t he direct result of a Covered Cause of Loss to property in the immediate area of your 'scheduled premises.'" *Id*. Access has been restricted to Plaintiff's property due to the Stay at Home Orders in St. Louis County and the State of Missouri.

c.  Defendant also agreed to pay for **"Extra Expense."** *Id*. at 10. Extra Expenses means "expense incurred to avoid or minimize the suspension of business and to continue 'operations' at the scheduled premises or at replacement premises or at temporary locations, including relocation expenses, and to minimize the suspension of business if you cannot continue 'operations.'" *Id*. Plaintiff has suffered Extra Expenses because it has suspended or greatly reduced operations due to COVID-19 and the Stay at Home Orders to prevent physical damage to the premises by the presence or proliferation of the virus and the physical harm it could cause persons present there.

47. Losses caused by COVID-19 and the relate state and local Stay at Home Orders triggered these provisions of Defendant's Policy. Specifically, Plaintiff's full operations have largely been suspended, and it has lost revenue and business opportunities.

Electronically Filed - St Louis County - June 08, 2020 - 12:39 PM

48. Plaintiff submitted a claim to Defendant for coverage under the Policy, but Defendant has denied Plaintiff's claim.

## COUNT I: DECLARATORY AND INJUNCTIVE RELIEF – BUSINESS INTERRUPTION

49. The preceding paragraphs are incorporated by reference as if fully alleged herein.

50. The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, allows this Court to declare the rights and other legal relations of the parties to this dispute.

51. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning the respective rights and duties of the parties under the Policies. Plaintiff requested coverage for COVID-19 related losses through its agent. Defendant responded with a letter denying coverage.

52. Plaintiff contends that Defendant has breached the Policies in the following respects:

   a. Plaintiff and the class have suffered losses covered by the Business Interruption coverage in the policies.

   b. Defendant is obligated to pay Plaintiff for those losses.

   c. Defendant has failed to pay Plaintiff for those losses.

53. Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policies and requests the Court declare the aforementioned conduct of Defendant unlawful and in material breach of the policies so that further controversies may be avoided.

54. Pursuant to a declaration of the parties' respective rights and duties under the policies, Plaintiff further seeks an injunction enjoining Defendant (1) from continuing to engage in conduct in breach of the Policies in regards to coverage decisions under the

Electronically Filed - St Louis County - June 08, 2020 - 12:39 PM

Business Interruption Coverage Extension; and (2) ordering Defendant to comply with the terms of the Policies in regards to coverage decisions.

### COUNT II: BREACH OF CONTRACT – BUSINESS INTERRUPTION

55. The preceding paragraphs are incorporated by reference as if fully alleged herein.

56. Plaintiff purchased a property coverage policy from Defendant.

57. The Policies are valid and enforceable contracts between the Defendant and Plaintiff.

58. Plaintiff substantially performed their obligations under the terms of the Policies including giving Defendant notice of the claim. Alternatively, Defendant has waived any terms or conditions of coverage and may not assert any term or condition in the Policy as a defense to liability.

59. Plaintiff has sustained a loss under the Business Interruption Coverage arising from the COVID-19 virus and the associated state and local Stay at Home Orders.

60. Defendant has not agreed to pay the claim for Business Interruption or requested a proof of loss and has denied coverage.

61. As a direct and proximate result of Defendant's breach, Plaintiff has sustained damages in an amount to be determined at trial.

### COUNT III: DECLARATORY AND INJUNCTIVE RELIEF – CIVIL AUTHORITY

62. The preceding paragraphs are incorporated by reference as if fully alleged herein.

63. The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, allows this Court to declare the rights and other legal relations of the parties to this dispute.

64. An actual controversy has arisen and now exist between Plaintiff and Defendant concerning the respective rights and duties of the parties under the Policy.

Electronically Filed - St Louis County - June 08, 2020 - 12:39 PM

65. Plaintiff contends that Defendant has breached the Policy in the following respects:

    a.  Plaintiff and the class have suffered losses covered by the Civil Authority coverage in the Policy.

    b.  Defendant is obliged to pay Plaintiff for those losses.

    c.  Defendant has failed to pay Plaintiff and the class for those losses.

66. Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policy and requests the Court declare the aforementioned conduct of Defendant unlawful and in material breach of the Policy so that future controversies may be avoided.

67. Pursuant to a declaration of the parties' respective rights and duties under the Policy, Plaintiff further seeks an injunction enjoining Defendant (1) from continuing to engage in conduct in breach of the Policy in regards to coverage decisions under the Civil Authority coverage in the Policy; and (2) ordering Defendant to comply with the terms of the Policy in regards to coverage decisions.

## COUNT IV: BREACH OF CONTRACT – CIVIL AUTHORITY

68. The preceding paragraphs are incorporated by reference as if fully alleged herein.

69. Plaintiff purchased a property coverage policy from Defendant.

70. The Policy is a valid and enforceable contract between Defendant and Plaintiff.

71. Plaintiff substantially performed its obligations under the terms of the Policy including giving Defendant notice of the claim. Alternatively, Defendant has waived any terms or conditions of coverage and may not assert any term or condition in the Policy as a defense to liability.

Electronically Filed - St Louis County - June 08, 2020 - 12:39 PM

72. Plaintiff has sustained a loss under the Civil Authority coverage in the Policy arising from the COVID-19 virus and associated Stay at Home Orders.

73. Defendant has not agreed to pay the claim for Civil Authority or requested a proof of loss. Instead, Defendant has requested information not necessary to determine coverage.

74. Defendant has denied claims for recovery under the Civil Authority coverage in the Policy related to COVID-19 and Stay at Home Orders in breach of the Policy.

75. As a direct and proximate result of Defendant's breach, Plaintiff has sustained damages in an amount to be determined at trial.

## COUNT V – DECLARATORY AND INJUNCTIVE RELIEF – EXTRA EXPENSE

76. The preceding paragraphs are incorporated by reference as if fully alleged herein.

77. The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, allows this Court to declare the rights and other legal relations of the parties to this dispute.

78. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning the respective rights and duties of the parties under the Policy.

79. Plaintiff contends that Defendant has breached the Policy in the following respects:

    a.  Plaintiff has suffered losses covered by the Extra Expense coverage in the Policy.

    b.  Defendant is obligated to pay Plaintiff for those losses.

    c.  Defendant has failed to pay Plaintiff for those losses.

80. Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policy and requests the Court declare the aforementioned conduct of Defendant

Electronically Filed - St Louis County - June 08, 2020 - 12:39 PM

unlawful and in material breach of the Policy so that future controversies may be avoided.

81. Pursuant to a declaration of the parties' respective rights and duties under the Policy, Plaintiff further seeks an injunction enjoining Defendant (1) from continuing to engage in conduct in breach of the Policy in regards to coverage decisions under the Extra Expense coverage in the Policy; and (2) ordering Defendant to comply with the terms of the Policy in regards to coverage decisions.

## COUNT VI: BREACH OF CONTRACT – EXTRA EXPENSE

82. The preceding paragraphs are incorporated by reference as if fully alleged herein.

83. Plaintiff purchased a property coverage policy from Defendant.

84. The Policy is a valid and enforceable contract between the Defendant and Plaintiff.

85. Plaintiff substantially performed its obligations under the terms of the Policy including giving Defendant notice of the claim. Alternatively, Defendant has waived any terms or conditions of coverage and may not assert any term or condition in the Policy as a defense to liability.

86. Plaintiff has sustained a loss under the Extra Expense coverage in the Policy arising from the COVID-19 virus and associated state and local Stay at Home Orders.

87. Defendant has not agreed to pay the claim for Extra Expense or requested a proof of loss. Instead, Defendant has requested information not necessary to determine coverage.

88. Defendant has denied claims for recovery under the Extra Expense coverage in the Policy related to COVID-19 in breach of the Policy.

Electronically Filed - St Louis County - June 08, 2020 - 12:39 PM

89. As a direct and proximate result of Defendant's breach, Plaintiff has sustained damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff requests relief and judgment against Defendant as follows:

a.  For a judgment against Defendant for the causes of action alleged against it;

b.  For compensatory damages in an amount to be proven at trial;

c.  For a declaration that Defendant's conduct as alleged herein is unlawful and in material breach of the Policy;

d.  For appropriate injunctive relief, enjoining Defendant from continuing to engage in conduct related to the breach of the Policy;

e.  For pre-judgment and post-judgment interest at the maximum rate permitted by law;

f.  For Plaintiff's attorney's fees;

g.  For Plaintiff's costs incurred; and,

h.  For such other relief in law or equity as the Court deems just and proper.

Electronically Filed - St Louis County - June 08, 2020 - 12:39 PM

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: June 4, 2020                                     Respectfully submitted,


By:      /s/ Alan S. Mandel

Alan S. Mandel, #29137

1010 Market Street, Suite 850

St. Louis, MO 63101

PH: (314) 621-1701

FX: (314) 621-4800

alan@mandelmandel.com



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRIAN H MAY | **Case Number:  20SL-CC03109** |
| Plaintiff/Petitioner:<br>HAIS HAIS AND GOLDBERGER PC | Plaintiff's/Petitioner's Attorney/Address:<br>ALAN SCOTT MANDEL<br>1010 MARKET STREET<br>SUITE 850<br>ST. LOUIS, MO  63101 |
| **vs.** | |
| Defendant/Respondent:<br>SENTINEL INSURANCE CO LTD | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  SENTINEL INSURANCE CO LTD
                                             Alias:

ONE HARTFORD PLAZA
HARTFORD, CT  06165

**COURT SEAL OF**



**ST. LOUIS COUNTY**

      **You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**
      **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>08-JUN-2020</u>
**Date**
**Further Information:**
**AD**

_____
**Clerk**

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
  ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
  ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
  .
  ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
  ☐ other (describe) _____.
Served at _____ (address).
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____                _____
    Printed Name of Sheriff or Server                                         Signature of Sheriff or Server

      **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
      I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                       (use for out-of-state officer)
*(Seal)*                    ☐ authorized to administer oaths.  (use for court-appointed server)

_____
                                 Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

    **(3)** **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

    **(4)** **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

    **(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

    If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.   The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

    A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

    The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - June 22, 2020 - 10:59 AM



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRIAN H MAY | Case Number:  20SL-CC03109 |
| Plaintiff/Petitioner:<br>HAIS HAIS AND GOLDBERGER PC | Plaintiff's/Petitioner's Attorney/Address:<br>ALAN SCOTT MANDEL<br>1010 MARKET STREET<br>SUITE 850<br>ST. LOUIS, MO 63101 |
| vs.<br>Defendant/Respondent:<br>SENTINEL INSURANCE CO LTD | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

The State of Missouri to:  **SENTINEL INSURANCE CO LTD**
Alias:

**ONE HARTFORD PLAZA**
**HARTFORD, CT  06165**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

08-JUN-2020
**Date**
**Further Information:**
AD

_____ Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _CT State Marshal_ of _Hartford_ County, _CT_ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ , a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
    ☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Its legal Agent for Service_ (name) _CT Corp, Gary Scappini accepted_ (title).
    ☐ other (describe)

Served at _67 Burnside Avenue,_ (address)
in _East Hartford_ County, _Hartford CT_ (state), on _6/15/20_ (date) at _2:00 pm_ (time).

_Alex J. Rodriguez_
**Printed Name of Sheriff or Server**

_____
**Signature of Sheriff or Server**

**ALEX J. RODRIGUEZ**
**CONNECTICUT STATE MARSHAL**

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☑ authorized to administer oaths in the state in which the affiant served the above summons.
  (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)


**ALFREDO OLIVIER**
**NOTARY PUBLIC OF CONNECTICUT**
**My Commission Expires 06/30/2024**

_Notary Public_
_____
**Signature and Title**

Electronically Filed - St Louis County - June 22, 2020 - 10:59 AM

ALFREDO OLIVIER
NOTARY PUBLIC OF CONNECTICUT
My Commission Expires 06/30/2024