**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HAIS, HAIS, AND GOLDBERGER, P.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:20-cv-00919-DDN |
| | ) | |
| SENTINEL INSURANCE CO., LTD., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY IN FURTHER SUPPORT OF**
**DEFENDANT SENTINEL INSURANCE COMPANY'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Sentinel Insurance Co., Ltd. ("Sentinel") submits this Reply in Support of its

Motion to Dismiss Plaintiff's Complaint.

**INTRODUCTION**

This is an insurance coverage action in which a law firm, Hais, Hais, and Goldberger,

P.C. ("Plaintiff" or the "Law Firm"), seeks coverage for alleged business interruption caused by

the novel coronavirus.  But the losses are not covered.  The property policy ("Policy") issued by

Sentinel excludes losses caused directly or indirectly by a virus.  Indeed, four courts around the

country have already reached that conclusion.

The Law Firm devotes much of its Opposition to discussing whether the orders issued by

government officials constitute "direct physical loss" to the property at issue.[1]  But the Court

---

[1] Ten courts around the country have already decided that COVID-19 business interruption claims like the Law Firm's do not allege direct physical loss.  *See, e.g.*, *Turek Enterprises, Inc. v. State Farm Mut. Auto. Ins. Ins. Co., No. 20-11655*, 2020 WL 5258484 (E.D. Mich. Sept. 3, 2020); *10E, LLC v. Travelers Indem. Co. of Conn.,* No. 2:20-cv-044118-SVW-AS, 2020 WL 5359653 (C.D. Cal. Sept. 2, 2020); *Rose's 1, LLC, v. Erie Ins. Exchange*, No. 2020 CA 002424 B, 2020 WL 4589206 (D.C. Sup. Ct. Aug. 6, 2020).  Hais points to the outlier

need not reach that question.  The Law Firm admits that the coronavirus is a virus, admits that the Policy contains a virus exclusion, and admits that the virus caused or was a cause of its alleged losses. Opening Brief (Dkt. No. 17) at 2 (citing Compl. ¶¶ 12, 22, 24-26, 28); *see also* Opp. (Dkt. No. 18) at 1-2, 5-7 ("Plaintiff suffered significant financial losses due to the presence of coronavirus").  By its plain terms, the Virus Exclusion applies and precludes coverage here.

The Law Firm's only attempt to avoid the Virus Exclusion is to contend that the exclusion does not apply to the coverage it seeks—business income, extra expense, civil authority, and extended business income. *See* Opp. at 7.  But all four of those coverages are part of the Special Property Coverage Form, and the Virus Exclusion expressly applies to that Form. The language of the Policy plainly states "[t]he following exclusion is added to Paragraph B.1 Exclusions of . . . *the Special Property Coverage Form*." *See* Dkt. No. 17-1 at 125, § A.2.  The Law Firm's reading—that the exclusion somehow only applies to "Computers and Media Coverage"—is belied by the plain terms of the endorsement.[2]  Accordingly, the claims are barred and the complaint should be dismissed in its entirety with prejudice.

## ARGUMENT

The Law Firm does not dispute the plain application of the Virus Exclusion.  The only issue for the Court to decide, therefore, is whether the exclusion "is limited to Computer and Media Coverage" or whether it applies to the Special Property Coverage Form, pursuant to

---

case, *Studio 417, Inc. v. Cincinnati Ins. Co.*, No. 20-cv-03127, 2020 WL 4692385, at \*6 n.6 (W.D. Mo. Aug. 12, 2020).  But that case is readily distinguishable because (1) the policy did not have a virus exclusion and (2) the plaintiffs "expressly allege[d] physical contamination" which the Law Firm does not do in this claim.

[2] Curiously, the Law Firm claims that the endorsement containing the Virus Exclusion is titled "Computers and Media Coverage." *See* Opp. at 8.  This is incorrect. The endorsement is titled "Limited Fungi, Bacteria or Virus Coverage." *See* Dkt. No. 17-1 at 125.

which the Law Firm seeks to recover.  *See* Opp. at 7.  The plain language of the Policy is dispositive.

The Law Firm asserts that it seeks coverage under the Business Income, Extra Expense, Civil Authority, and Extended Business Income provisions of the *Special Property Coverage Form*.  *See* Opp. at 4; *see also* Dkt. No. 17-1 at pp. 32, 38.  The Virus Exclusion expressly applies to that form.  Section A.2 of the "Limited Fungi, Bacteria and Virus Endorsement" (Dk. No. 17-1 at 125) provides: "The following exclusion [the Virus Exclusion] is added to Paragraph B.1 Exclusions of the . . . *Special Property Coverage Form*."   Moreover, the top of the virus endorsement expressly notes that it "modifies insurance provided under the following: SPECIAL PROPERTY COVERAGE FORM." *Id.*  Simply put, the Business Income, Extra Expense, Civil Authority, and Extended Business Income coverage provisions appear in the Special Property Coverage Form and the Virus Exclusion applies to that form.  There is no exception to the exclusion for any of those coverages, and, indeed, the Law Firm points to none.

The fact that the endorsement does not reference specific subsections of the Special Property Coverage Form does not make it ambiguous.[3]  *See* Opp. at 7.  To the contrary, the clear reference to the entire form explains that virus-related losses are excluded from any coverage sought under the Special Property Coverage Form.  Policy language is only "ambiguous if it is reasonably open to different constructions." *Gulf Ins. Co. v. Noble Broadcast*, 936 S.W.2d 810, 814 (Mo. banc 1997).   It is not enough to suggest that different language could have been used. *See Bondex Intern., Inc. v. Hartford Acc. and Indem. Co.*, 667 F.3d 669, 679 (6th Cir. 2011) ("We may not ponder whether the insurance companies (or we) could have drafted more precise

---

[3] Neither of the cases the Law Firm cites found ambiguity because of an absence of reference to specific subsections of a policy, neither case involved a property policy, and neither involved an exclusion.  *See* Opp. at 8 (citing *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 134 (Mo. banc 2007) and *Vogt v. State Farm Life. Ins. Co.*, 963 F.3d 753, 763 (8th Cir. 2020).

language; we only consider whether Appellants have offered a reasonable alternative interpretation.").

The Law Firm has not offered any reasonable alternative construction.  The Law Firm claims the exclusion is "limited to Computer and Media Coverage."  *See* Opp. at 7.  But the plain language of the policy once again refutes that argument.  The top of the endorsement expressly provides that it applies to four forms, only one of which is Computers and Media Coverage:

> This endorsement modifies insurance provided under the following:
>
> SPECIAL PROPERTY COVERAGE FORM
> STANDARD PROPERTY COVERAGE FORM
> PERSONAL PROPERTY OF OTHERS
> COMPUTERS AND MEDIA COVERAGE

Dkt. No. 17-1 at 125.  Likewise, the exclusion is expressly "added to" all four forms: "The following exclusion is added to Paragraph B.1 Exclusion of the Standard Property Coverage Form and the Special Property Coverage Form; Paragraph F., Additional Exclusions of Computers and Media, form SS 04 41, and to form SS 04 45, Personal Property of Others."  *See id*.  And, as a practical matter, it makes no sense that the exclusion would be limited to Computers and Media, as wet rot, dry rot, bacteria and virus are equally as likely (if not more so) to occur on other property.[4]

Absent an ambiguity, an insurance policy must be enforced according to its terms. *Rodriguez v. General Accident Ins. Co.*, 808 S.W.2d 379, 382 (Mo. banc 1991).  The Law Firm agrees.  *See* Opp. at 8.  Here, those terms include a Virus Exclusion that precludes the coverage

---

[4] The Law Firm also states, without further explanation, that the Business Income coverage and Extra Expense coverage are "not subject to the Limits of Insurance."  *See* Opp. at 8. But that has nothing to do with the applicability of the Virus Exclusion.  The Limits of Insurance are the monetary limits of coverage, if that coverage is available.  *See id.* at 14-16, 45. There is no ambiguity created by the existence of limits of insurance for coverage to which the Law Firm is not entitled.

the Law Firm seeks.  Four courts have already reached that very conclusion with respect to COVID-19 business interruption claims just like the Law Firm's claims.  Two of those decisions were cited in Sentinel's moving papers (*see* Dkt. No. 17 at 8-9), and two more were decided in the intervening weeks.

First, a federal district court in Florida dismissed COVID-19 business interruption claims—with prejudice and without leave to amend—on the grounds that the policy "expressly excludes coverage from damages caused by a virus."  *Mauricio Martinez, DMD, P.A., v. Allied Ins. Co. of America*, No. 2:20-cv-00401-FtM-66NPM, 2020 WL 5240218, at *1 (M.D. Fla. Sept. 2, 2020).  That court decided there was no Covered Cause of Loss under the policy because the policy excluded losses caused "directly or indirectly" by any virus, and the damages resulted from the coronavirus.  *Id.* at *2.

Second, a federal district court in Michigan reached the same conclusion: "[t]he Order expressly states that it was issued to 'suppress the spread of COVID-19' and accompanying public health risks.  The only reasonable conclusion is that the Order—and, by extension, Plaintiff's business interruption losses—would not have occurred but for COVID-19."  *Turek Enterprises, Inc. v. State Farm Mut. Auto. Ins. Ins. Co.*, No. 20-11655, 2020 WL 5258484, at *8 (E.D. Mich. Sept. 3, 2020); *cf. 10E, LLC v. Travelers Indem. Co. of Conn.*, No. 2:20-cv-044118-SVW-AS, 2020 WL 5359653, *6 (C.D. Cal. Sept. 2, 2020) ("[T]he Court notes its skepticism that Plaintiff can evade application of the Policy's virus exclusion" given that "Plaintiff's theory of liability appears to inevitably rest on a potentially implausible allegation that in-person dining restrictions are not attributable to 'any virus.'").

With respect to the cases cited in Sentinel's moving papers, the Law Firm, either ignores them (e.g., *Gavrilides*) or claims they are distinguishable because the exclusions in those cases

did not have exceptions for certain limited coverage (e.g., *Diesel Barbershop*).  *See* Opp. at 9-10.  But the Law Firm never explains why that matters.  It does not.  The fact that the Virus Exclusion has an exception for Limited Coverage does not impact the applicability of the exclusion here.  The Law Firm does not allege that it is entitled to the Limited Coverage.

The Law Firm also makes this same "distinguishing" argument about *Michigan Battery Equipment, Inc. v. Emasco Ins. Co.*, 892 N.W.2d 456, 459 (Mich. Ct. App. 2016).  But the policy in *Michigan Battery* in fact had virtually identical limited coverage to that in the Law Firm's policy.  The court there determined that, because the wet rot was not the result of a 'specified cause of loss' or flood, the limited coverage provision "simply does not apply." *Id.* The same is true here.  There is no coverage for the Law Firm's coronavirus losses.  To the contrary, they are expressly excluded.

## CONCLUSION

For all of the foregoing reasons, including those set forth in the Opening Brief, and others appearing in the record, Sentinel respectfully requests that the Court grant its motion and dismiss the Law Firm's Complaint in its entirety and with prejudice.

Dated: September 21, 2020

Respectfully submitted,

By:     /s/ Patrick J. Kenny
        Patrick J. Kenny (MO #38032)
        ARMSTRONG TEASDALE LLP
        7700 Forsyth Boulevard, Suite 1800
        St. Louis, Missouri 63105
        Tel.: (314) 621-5070
        Fax.: (314) 621-5065
        pkenny@atllp.com

And

Sarah D. Gordon (pro hac vice
forthcoming)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax.: (202)429.3902
sgordon@steptoe.com

James L. Brochin (pro hac vice
forthcoming)
Khristoph A. Becker (pro hac vice
forthcoming)
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
Tel.: (212) 506-3900
Fax: (212) 506-3950
jbrochin@steptoe.com
kbecker@steptoe.com

***Attorneys for Sentinel Insurance Company,
Ltd.***

## CERTIFICATE OF SERVICE

I hereby certify that on September 21st, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ *Patrick J. Kenny*
Patrick J. Kenny